JOHN P. REYNOLDS, Appellant, *v.* ABNER FRANCES, Appellee.

### APPEAL FROM MARION.

Where a party files his answer to a bill, sooner than he might have been compelled to do, it does not entitle him to a continuance.

THIS was a suit instituted on the chancery side of the Marion Circuit Court, by bill to foreclose mortgage, by said Abner Frances against John P. Reynolds, which mortgage was given to secure the payment of two promissory notes, payable to John G. Vaughn, for two thousand dollars each, bearing date February 5th, 1857, one payable on the first day of March, 1858, the other payable on the first day of March, 1859.

Defendant waived service of process, and entered his appearance.

Afterwards defendant was ruled to answer complainant's bill, and, on 17th of August, 1859, defendant filed his answer.

The court made an order that the case be referred to the master in chancery, to take testimony and state an account of the amount due, and report. And master made his report.

After the master made his report, the cause was set down for hearing on bill, answer and testimony.

Defendant Reynolds interposed cross-motion, to rule complainant to file replication, and set cause down for hearing at the next term.

Court overruled said cross-motion, to which ruling defendant excepted, and cause was set down for hearing at same term.

The court heard bill, answer and testimony, and decreed that said defendant, John P. Reynolds, do, within thirty days, pay said complainant the sum of two thousand nine hundred and eleven dollars and fifty cents, reported due, and in default of payment, that James S. Martin, as master, etc., proceed to sell said lands.

To which ruling defendant excepted, and prayed an appeal, and assigned errors.

HAYNIE & WILLARD, for Appellant.

P. P. HAMILTON, for Appellee.

CATON, C. J. This certainly looks very much like an appeal for delay only. The complaint is, that the court refused to continue the cause and rule the complainant to file a replication to the answers. The complainant certainly knew best whether he wished to traverse the facts stated in the answers, and it was not for the court to dictate to him what course he should pursue in that regard. He chose to set the cause for hearing without replying to the answers. The reason assigned for the continuance was because the case was so complicated. We have been quite unable to find anything so complicated as to render it difficult for the court to comprehend it during one term. The only real ground which could have been urged for the continuance, was, that the defendant, not having been served with process,

entered his appearance at the same term. In that case the defendant could not have been compelled to answer at the same term; but having answered, we think he thereby waived his right to a continuance, especially as the complainant was willing to take that answer as true, and go to hearing upon it without replication.

The court decided properly, and the decree must be affirmed.

*Decree affirmed..*